IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DORSEY TAYLOR SR., <br><br> Petitioner, <br><br> vs. <br><br> TAGGERT BOYD, <br><br> Respondent. | 8:23CV24 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on initial review of Petitioner Dorsey Taylor Sr.'s Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. Filing No. 1. The Court will dismiss the petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.* If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place," and the district court must dismiss the petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

Here, Taylor challenges his 1998 conviction in the Douglas County District Court for second degree murder and first degree assault. Filing No. 1 at 1. Liberally construed, Taylor alleges his constitutional right to a speedy trial was violated, his plea was involuntary and unsupported by a factual basis, and the trial judge committed misconduct and lacked jurisdiction to accept his plea.

This Court's records reflect that Taylor's habeas corpus petition is successive. Taylor unsuccessfully challenged this same judgment of conviction in earlier federal habeas corpus litigation before the Honorable Richard G. Kopf, which Taylor acknowledges, Filing No. 1 at 12. *See Taylor v. Clarke*, No. 8:04CV161, 2007 WL 1290135 (D. Neb. Mar. 15, 2007) (dismissing petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 with prejudice). Taylor's previous petition raised claims and arguments similar to those raised here, which Judge Kopf rejected. Moreover, Taylor does not raise any new arguments or allege any new facts that demonstrate he is innocent of the underlying offense. Thus, the present petition is clearly successive, and Taylor would be required to seek the permission of the Court of Appeals to commence this second action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Lastly, a petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Taylor has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised in the petition are

3

debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that: the habeas corpus petition, Filing No. 1, is dismissed without prejudice to reassertion upon certification by the Eighth Circuit Court of Appeals. No certificate of appealability has been or will be issued in this matter. The Court will enter judgment by separate document.

Dated this 2nd day of June, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge